1  JOSEPH REICHMANN (SBN 29324)
   YAGMAN & REICHMANN
2  475 Washington Boulevard
   Venice Beach, California 90292-5287
3  (310)452-3200

4  Presented on behalf of Plaintiff,
   Stephen Yagman, only in his capacity
5  as class representative

6

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                   **WESTERN DIVISION**

11 | **STEPHEN YAGMAN,** | 16-cv-08902-FMO(JCx) |
   | | |
12 | Plaintiff, | |
   | | |
13 | v. | **PLAINTIFF'S SUPPLEMENTAL** |
   | | **MEMORANDUM  ADDRESSING THE** |
14 | **NATIONSTAR MORTGAGE,** | **COURT'S SECOND, FEBRUARY 7,** |
   | **NATIONSTAR MORTGAGE** | **2017 MINUTE ORDER, DOC. 36, ON** |
15 | **HOLDINGS, INC., NATIONSTAR** | **THE QUESTION WHETHER THE** |
   | **CAPITAL CORPORATION**, and | **COURT SHOULD STAY THIS** |
16 | **TEN UNKNOWN NAMED** | **ACTION** |
   | **DEFENDANTS 1-10**, | (02/17/17) |
17 | | |
   | Defendants. | |
18

19

20

21

22

23

24

25

26

27
   //
28
   //

                              1

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

On February 7, 2017, the court issued a second minute order in which it

3

permitted a Supplemental Memorandum to be filed to address the question whether

4

the court should stay this action.  This is that Memorandum.

5

The most important and only substantive matter that plaintiff stated in

6

plaintiff's first opposition was this:

7

8

Also, the court did not cite any legal authority on which a stay might be
issued, so that plaintiff cannot look into and comment upon any legal basis

9

for a stay, and on this ground, plaintiff objects to the order: it is a denial of
due process. [n. 1] Based on the almost nothing plaintiff knows about the

10

stay, except that the court wishes to "conserve judicial resources," all that

11

plaintiff is able to state is that it would appear that staying this action would

12

not conserve judicial resources . . . .

13

14

Footnote 1 stated: "Plaintiff requests that the court first state the legal basis for a

15

stay, so that plaintiff can address that legal basis.  Plaintiff has not identified any

16

legal basis."  Even the exercise of the court's inherent power to manage its calendar

17

must be based on some specific legal authority.

18

The court completely ignored plaintiff's request, so that plaintiff has no fair

19

notice, much less any notice at all, of what the court's basis would be for a stay,

20

and plaintiff should not be left to find that out, as surely he will, if the court issues

21

a stay.

22

Plaintiff renews his request that he be afforded the due process of being

23

informed by the court of the legal authority[ies] on which the court proposes a stay,

24

so that plaintiff can review those authorities and then present the court with an

25

informed, intelligent, and meaningful response.

26

Presently, the court, in effect, is stating it will issue a stay "because I [the

27

court] said so," and plaintiff finding out after a stay has been issued on what

28

authority the court has done so would be inappropriate.  *See In re Canter*, 299 F.3d

2

1    1150 (9th Cir. 2002) (condemning Judge Real for stating as a justification for his

2    action "because I said it"); *In re Complaint of Judicial Misconduct*, 425 F.3d 1179,

3    1184 (9th Cir. 2005) (Judge Kozinski,[1] dissenting) Counsel [a retired federal

4    judge]: "May I know the reasons, Your Honor?", Judge Real: "Just because I said

5    it, Counsel."; again: "It [the court stating 'Just because I said it'] occurred again

6    when he [Judge Real] denied their two motions for reconsideration with the

7    imperious 'Just because I said it, Counsel, as the only reason.' ").

8         Moreover, it is highly unlikely that the Ninth Circuit will take up on the first

9    appeal the effect of *Yvanova* because of the Ninth Circuit's institutional insistence

10   that a district court first must have ruled on an issue before the Ninth Circuit will

11   take up and rule on the issue, *see e.g. J-Hanna v. Enterprise Rent-A-Car Company*,

12   2017 WL 34508 (9th Cir. Jan. 4, 2017) (memorandum), especially since this court

13   refused to rule on the same issue, based on *Glaski*, because it was a "disfavored"

14   disposition, and the effect of *Yvanova* was to remove *Glaski*'s "disfavored" status.

15   It is preferable for this court first to rule on the *Yvanova* issue because in the

16   absence of a ruling by this court the Ninth Circuit is unlikely to take it up.

17        Plaintiff would appreciate the court stating the proposed legal bases for any

18   stay and a fair opportunity to make an informed response based on the legal bases,

19   and taking up and deciding in the first instance the impact of *Glaski* and *Yvanova*

20   on plaintiff's  standing to assert the claim that his mortgage was void *ab initio*.

21   //

22   //

23                          Respectfully submitted,

24

25   _____

26   [1] Judge Kozinski's dissent was upheld in *In re Memorandum of Decision on Judicial Misconduct and Disability*, 449 F.3d 106 (U.S. Jud. Conf. 2006) (remand

27   to Ninth Circuit), *aff'd by Committee on Judicial Misconduct and Disability*, 517

28   F.3d 563 (U.S. Jud. Conf. 2008) (public reprimand upheld, for refusal of Judge
     Real to state reasons for his action).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**YAGMAN & REICHMANN**

By:  s/          Joseph Reichmann
        **JOSEPH REICHMANN**

* * * * * * * * * * * * * * * * *

_____
  **STEPHEN YAGMAN**

4